IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| | ) | CASE NO.: CR510-06 |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| DANIEL LANIER THOMAS | ) | |
| a/k/a Danny Thomas | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendant Daniel Lanier Thomas ("Defendant") has been charged with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Defendant filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction. The Government filed a Response. The undersigned conducted a hearing on this Motion on April 20, 2010. For the reasons which follow, Defendant's Motion should be **DENIED**.

## DISCUSSION AND CITATION TO AUTHORITY

Defendant asserts that the indictment against him must be dismissed because section 922(g) is unconstitutional. In support of this assertion, Defendant cites to three (3) United States Supreme Court decisions: Jones v. United States, 529 U.S. 848 (2000); United States v. Morrison, 529 U.S. 598 (2000); and United States v. Lopez, 514 U.S. 549 (1995). Defendant asserts that the Supreme Court "has signaled a growing discomfort with the expansion of federal criminal statutes into the province of

what has traditionally been state police power." (Doc. No. 16, p. 2). Defendant also asserts that, in "light of the 'Lopez trilogy', the 'felon in possession' prong of 18 U.S.C. § 922(g) no longer bears a sufficient nexus with interstate commerce to fall within the carefully enumerated powers of the federal government." (Id.). Defendant contends that he is not arguing that the commerce clause nexus must occur simultaneously with a criminal defendant's possession of a firearm. What he is arguing, Defendant alleges, is that the commerce clause does not give Congress the "power to draft legislation, such as [section] 922(g), . . . because that firearm traveled once upon a time through interstate commerce." (Id. at 4). Defendant contends that § 922(g)'s possession prong does not regulate an item in interstate commerce, nor does it regulate an activity that substantially affects interstate commerce. Defendant appears to contend additionally that section 922(g)(1), as applied to the facts of this case, does not provide this Court with jurisdiction.

The Government avers that Defendant failed to discuss (or even mention) Eleventh Circuit Court of Appeals' cases discussing section 922(g) in the commerce clause context. The Government states that the law in this Circuit is that 18 U.S.C. § 922(g) is a constitutional exercise of congressional power, and Defendant's Motion should be denied.

"It shall be unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g)(1). The Eleventh

2

Circuit Court of Appeals has found that section 922(g)(1) is not an "unconstitutional exercise of Congress's power under the Commerce Clause." United States v. Battle, 347 F. App'x 478, 480 (11th Cir. 2009) (quoting United States v. Nichols, 124 F.3d 1265, 1266 (11th Cir. 1997)). In fact, the Eleventh Circuit has noted that § 922(g)(1) contains a "jurisdictional element" (as opposed to 18 U.S.C. § 922(q), which was struck down in Lopez) which defeats a "facial challenge to" this statute's constitutionality. United States v. McAllister, 77 F.3d 387, 390 (11th Cir. 1996). The Government, however, shall demonstrate that the firearm previously travelled in interstate commerce so that section 922(g)(1) is not applied unconstitutionally in any given criminal prosecution. Id.; see also, United States v. Morgan, 337 F. App'x 798, 801 (11th Cir. 2009).

The Government alleges in the indictment that Defendant's firearm, an R.G. Ind., model RG-14, .22 caliber revolver bearing the serial number L825195, was "shipped or transported in interstate commerce prior to December 1, 2009[.]" (Doc. No. 1). This is a sufficient basis to overcome Defendant's Motion to Dismiss.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this _3_ day of May, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)