# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### WAYCROSS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | CASE NO.: CR510-06 |
| ) | |
| v. ) | |
| ) | |
| ) | |
| DANIEL LANIER THOMAS ) | |
| a/k/a Danny Thomas ) | |

## ORDER

After an independent and *de novo* review, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In his Objections, Defendant asserts that the Magistrate Judge's Report and Recommendation could have been written prior to the hearing because the Magistrate Judge did not "pay any attention to the fact that Defendant's [c]ounsel spoke directly to the Eleventh Circuit cases during the [h]earing." (Doc. No. 24, p. 2). Defendant also asserts that the Magistrate Judge does not mention that he asked the Government's attorney whether the Government contended that the trial judge is precluded from making case-by-case inquiries about whether a firearm in question has the requisite nexus with interstate commerce. Defendant contends that the Magistrate Judge failed "to report the issue as crystallized at the [h]earing." (Id.).

The Government responded to Defendant's Objections and states that the issue Defendant appears to set forth—that 18 U.S.C. § 922(g)(1) is unconstitutional as

applied to him—was raised in United States v. McAllister, 77 F.3d 387 (11th Cir. 1996). The Government asserts that this issue is foreclosed by Circuit precedent. The Government alleges that courts within this Circuit have the "authority to question whether a particular firearm has the requisite nexus with interstate commerce to satisfy the elements of [s]ection 922(g)." (Doc. No. 25, p. 2). The Government avers that the Magistrate Judge addressed this point in his Report and Recommendation.

As noted by the Magistrate Judge in his Report and Recommendation, the Government's allegations contained in the indictment are sufficient to overcome Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction. The Magistrate Judge alluded to the fact that, even though a facial challenge to section 922(g)(1)'s constitutionality has been defeated in the Eleventh Circuit Court of Appeals, a case-by-case analysis must be made to determine whether a given firearm previously travelled in interstate commerce. Even if the Magistrate Judge did not frame the issue raised during the hearing as Defendant may have wished, the end result is the same.

Defendant's Objections to the Magistrate Judge's Report and Recommendation are **overruled**. The Magistrate Judge's Report and Recommendation is adopted as the opinion of the Court. Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction is **DENIED**.

**SO ORDERED**, this 12 day of July, 2010.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)